THE CONSOLIDATED BARB-WIRE COMPANY V. C. C. PUR-
CELL *et al.*

ATTACHMENT — *Priority*—*Chattel Mortgage*—*Rights of Loan Agent.* An
agent who loans the money of others, taking promissory notes with
personal security, and guarantees the payment of the notes, can take
a chattel mortgage in his own name to secure the payment of such
notes, or can maintain an action in his own name to enforce pay-
ment of the notes, or can enforce the conditions of a chattel mort-
gage taken in his own name to secure the payment of such notes;
and such a chattel mortgage, on record before the levy of an attach-
ment on the mortgaged property of the debtor, is a prior lien to the
attachment levy.

### *Error from Chautauqua District Court.*

ACTION by the *Company* against *McGuire* and another
on a certain check. Attachment was issued. *Purcell* inter-
pleaded, claiming an interest in the property attached. Ver-
dict and judgment for the interpleader. The plaintiff comes
to this court. The facts appear in the opinion.

*Shartel, Brown & Cottingham,* for plaintiff in error.
*J. D. McBrian & Son,* for defendants in error.

Opinion by SIMPSON, C.: On the 10th day of January,
1889, the Consolidated Barb-Wire Company commenced an
action in the district court of Chautauqua county against A.
J. and W. E. McGuire, on a protested check drawn by the
McGuire Bros. on the Commercial Bank, of Independence,
Kas., in favor of the barb-wire company, for $293.40, pro-
test fees, interest, and costs. An attachment was caused to be
issued, and levied on horses, cows, a two-horse buggy, a stack
of hay and other property of the McGuire Bros. This levy
was made on the 10th day of January, the same day that the
suit was commenced and the process issued. In due time,
upon proper application, this property was sold by the sheriff,
on the 13th day of February, 1889, for the sum of $257.15,
and the money returned into court.

On the 26th day of March, 1889, the defendant in error, C. C. Purcell, filed an amended interplea, by leave of the court, in which it is alleged that at the time of the commencement of this action he had and still has a special ownership in the property taken by the sheriff under the attachment issued in this case; that his special ownership is described in an instrument in writing, filed in the office of the register of deeds in said county for record on the 17th day of December, 1888, a copy of which is attached to the interplea; that at the time of the commencement of said action he was and still is entitled to the immediate possession of said property.

The facts constituting his special ownership he states as follows: On the 15th day of December, 1888, and for a long time prior thereto, this interpleader had in his possession and under his control, for the purpose of loaning and collecting the same, several large sums of money, belonging to the following-named persons: John Smith, C. M. Adams, J. W. Elpis, and others. Said interpleader being then engaged in business as loan and real-estate agent, it was understood and agreed by and between said parties and this interpleader that said sums of money should be loaned by said interpleader, and he should take notes therefor, the payment of which he should guarantee and be liable for the same, and that when said notes should become due he should collect the same and retain his commission thereon, and reloan or return the same, as the parties might desire; that on the day of the execution of said written instrument, to wit, on the 15th day of December, 1888, and prior thereto, said interpleader had loaned to said defendants, McGuire Bros., out of said moneys, the several sums of money stated in the notes described in said written instruments, and had taken and still has said notes in his possession, and was then and still is liable to the said payees named in said notes for said sums of money; and that on the said 15th day of December he demanded and received from said defendants the said written instrument to secure the payment of said notes, and the several sums of money so loaned, and also the additional sum of $200, loaned by said

interpleader to said defendants on the 15th day of December, 1888, said last-named loan being a part of the consideration for which said written instrument was executed; that all of said sums of money were actually loaned the defendants, and said notes and security taken in good faith and upon good consideration; that at the time of making the last loan mentioned said property was held by the sheriff of said county under an attachment issued in favor of the Simmons Hardware Company, and said last loan was so made to enable said defendants to pay the claim of said hardware company, and said claim was so paid, and that the said property was then turned over and delivered to this interpleader, and remained in his possession until taken by the sheriff under the order of attachment issued in this case; that the property is worth $1,000, and has been sold by the sheriff, and the proceeds of the sale are now held by the sheriff. The interpleader prayed that he be declared and held to be the owner of the property, and entitled to its possession; that he recover possession, or, in lieu thereof, the value of $1,000 and costs of suit. Exhibit "A" is as follows:

"KNOW ALL MEN BY THESE PRESENTS, That we, A. J. McGuire and Wm. E. McGuire, doing business under the firm-name of McGuire Bros., of Chautauqua, Kansas, for and in consideration of the sum of one thousand eight hundred and $\frac{15}{100}$ dollars, to us in hand paid by C. C. Purcell, of Chautauqua, Kas., the receipt whereof is hereby acknowledged, have bargained, sold, and delivered, and by these presents do bargain, sell, and deliver, unto the said C. C. Purcell, the following-described goods and chattels, to wit:

"One white horse, four years old, about 14 hands high, bought of J. R. Skinner; one white horse, five years old, about 14 hands high, bought of J. R. Skinner; one sorrel mare, seven years old, about 15 hands high, bought of John Chittenden; one sorrel mare, seven years old, bought of Joseph Revard, jr.; one sorrel mare, nine years old, bought of Joseph Revard, jr.; one roan mare, five years old, bought of Franklin Revard; one roan mare, five years old, bought of Will. Rodimel; one iron-gray horse, four years old, bought of Will. Rodimel; one iron-gray horse, five years old, bought of Will.

Rodimel; one yellow horse, five years old, bought of Sippel & Pershall; one bay horse, five years old, bought of John Nicholls; one roan cow, four years old, bought of A. Higginbotham; one red and white cow, six years old, bought of A. Higginbotham; one spotted cow, six years old, bought of J. K. Crockett; one red cow, five years old, bought of Frank Newell; one red cow, four years old, with calf by her side, bought of D. W. Dunn; one roan cow, four years old, bought of Wibb Fowler; one two-horse buggy, bought of Geo. Inger & Co., Kansas City, Mo.; one two-horse wagon, size 2¾ in., bought of Joseph Revard; one set buggy harness, bought of J. N. Goff; one crib of corn, about 1,000 bushels in crib, on lots 14 and 16, in block 9, in Chautauqua Springs, Kas.: To have and to hold, unto the said C. C. Purcell, forever. *Provided, however,* If the said McGuire Bros. do pay or cause to be paid at maturity 13 certain notes, amounting to $1,008.15, and described as follows: No. 172, amount $59, in favor of John Smith, signed McGuire Bros. and Frank Tinker, payable 90 days after date; No. 142, amount $31, payable in 90 days after date to G. M. Adams, signed McGuire Bros. and Joseph Revard; No. 139, amount $149.44, payable within 30 days after date to John Smith, signed by McGuire Bros.; No. 256, amount $74, payable within 90 days after date to G. M. Adams, and signed by McGuire Bros. and Leonard Revard; No. 118, amount $13, payable within 90 days after date, to John Smith, signed McGuire Bros. and G. E. Tinker; No. 88, amount $65, payable within 60 days after date to G. M. Adams, dated August 23, 1887, signed by McGuire Bros. and Jacob Kaufman; No. 283, dated December 6, 1888, amount $78, payable to G. M. Adams, signed McGuire Bros.; No. 232, dated July 20, 1888, amount $28, in favor of G. M. Adams, signed McGuire Bros. and B. S. McGuire; No. 405, dated Nov. 26, 1888, amount $20, in favor of J. W. Elpis, signed by McGuire Bros.; No. 743, dated December 15, 1888, amount $335, in favor of George Adams, signed by McGuire Bros.; No. 409, dated December 4, 1888, amount $85.75, in favor of J. W. Elpis, signed by McGuire Bros. and William Howard; No. 745, dated September 29, 1888, amount $50, in favor of C. W. Aldridge or order, signed W. E. McGuire and J. D. Day; No. 408, dated December 3, 1888, amount $24.50, in favor of J. W. Elpis, signed by McGuire Bros., then this sale be null and void; otherwise to remain in full force and effect.

"In Testimony Whereof, We have hereunto set our hands, this the 15th day of December, 1888.

McGuire Bros.

Signed in the presence of:

JOHN V. CHITTENDEN.

J. B. BEASTON."

Indorsed on back:

"State of Kansas, Chautauqua County, ss.

"This instrument was filed for record this 17th day of December, 1888, at 9 o'clock A. M., and duly recorded in book "C" of chattels, at page —— 50 cts.

C. W. DUBENDORFF, *Register of Deeds.*"

There was a trial at the June term, 1889, of the issue between the interpleader and the plaintiff in error, that resulted in a judgment for the interpleader and a decree giving him a prior right to the plaintiff in error. The plaintiff in error brings that issue here for review, and raises by a demurrer to the interplea, and objection to testimony offered at the trial, and by a demurrer to the evidence introduced to support it, several questions. One of these is, that Purcell had no title to the property described in the mortgage or otherwise stated in the interplea, and hence could not maintain his suit, or the instrument itself discloses that he is a naked trustee, or that the instrument is void, being in violation of the assignment laws of the state. Again, it is insisted that there was no change of possession under the instrument. All these objections are not tenable. The written instrument executed and delivered to Purcell on December 15, 1888, and filed for record on the 17th of the same month, is a chattel mortgage. Purcell, the interpleader, by reason of being the person who loaned the money, who guaranteed the payment of the notes, had such a beneficial interest in the notes, and was so personally responsible for them, that he could take the mortgage in his own name, and could have maintained an action in his own name against the makers of the notes. He had title for all the purposes of this interplea and of this action. Possession was not necessary, as his mortgage was on record prior to the attachment levy of the plaintiff in error. But if actual pos-

session was necessary as against the plaintiff in error, there is some evidence to sustain any finding that might be included in the general judgment rendered.

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.