(661 P.2d 831)
No. 54,034

ELDON KEE, JR., *Appellant,* v. JACK C. CAMPBELL, *Appellee.*

Opinion filed April 21, 1983. ■■■

*John R. Toland,* of Toland & Thompson, of Iola, for the appellant.

No appearance for the appellee.

Before FOTH, C.J., SPENCER and PARKS, JJ.

FOTH, C.J.: This is an action on a note given in payment for a pump used in oil field operations. The trial court found that plaintiff had breached an express warranty by improperly advertising the pump as a mud pump and entered judgment for defendant. Plaintiff's subsequent motion for a new trial and to alter and amend the judgment was denied; the court entered an additional finding of fact that plaintiff had failed to establish ownership of the pump. While both findings of fact are amply supported by the evidence we find neither sufficient to support a judgment for defendant.

Under the U.C.C., upon discovering the breach of warranty the defendant could have rejected the pump (K.S.A. 84-2-601, -602) or if he had already accepted it he could have revoked his acceptance (K.S.A. 84-2-608). In either event he was required to notify the plaintiff seller of his election within a reasonable time. Here, for some six months defendant kept the pump, claimed damages, and offered to settle for a lower price. Having neither rejected the pump nor timely revoked his acceptance, defendant's remedy was a claim for damages for breach of warranty

under K.S.A. 84-2-714(2). All the evidence indicated the pump was worth $2,000 less than if it had been as advertised. Hence if plaintiff was authorized to sell the pump he was entitled to the $6,500 price less defendant's damages of $2,000, or a net of $4,500. The breach of warranty entitled defendant to damages but was not a complete defense.

The second question is whether the defendant, as buyer, could rely upon plaintiff's lack of ownership as a defense in an action to recover the purchase price. The general rule is that in the absence of fraud or breach of a warranty of title, want of title in the seller is not available as a defense to an action for the price if the buyer has retained possession of the goods. 67 Am. Jur. 2d, Sales § 633. See, *e.g.*, *Jack Tar of Ark., Inc. v. National Wells Television, Inc.,* 234 Ark. 306, 351 S.W.2d 848 (1961). See also 78 C.J.S., Sales § 443c. Applying this rule, the finding of a lack of ownership interest was inconclusive. Without more it did not provide defendant, who retained possession of the pump, with a defense in the action on the note.

There was really no claim by plaintiff that he owned the pump. Rather, his claim was that he was authorized to sell the pump on behalf of McNeely, the true owner. Plaintiff is president and sole stockholder of the Bank of Bronson. His bank had previously loaned money to McNeely to purchase the pump. Plaintiff alleged that McNeely, who was in default on his loan, authorized plaintiff to sell the pump for him and apply the proceeds to the loan. McNeely, who claimed that his payments to the bank were current at the time of the sale, denied giving plaintiff authorization to sell the pump. He acknowledged that he was present when the pump was loaded onto defendant's trucks and that he signed a receipt for the pump; he said he failed to voice an objection as he felt it would be futile to do so. Plaintiff presented a rebuttal witness who testified to the existence of an agreement between McNeely and plaintiff. The trial court never resolved the question of whether plaintiff in fact had authority to sell, stopping short with its finding of no title. In our view the authorization question is controlling and the case must be remanded for the finding of additional facts to resolve it.

If the trial court finds on remand that McNeely authorized the sale, plaintiff had the status of McNeely's agent. As an agent acting with actual authority in executing a sale in his own name,

plaintiff had the right to bring an action in his own name to recover the sale price. The rule may be found in 3 Am. Jur. 2d, Agency § 338:

"Likewise, it is well established that if an agent executes a contract in his own name in such a manner that he is bound thereby, the other contracting party becomes liable to him and he may bring suit on the contract in his own name, even though he disclosed the principal when contracting. And it has been said that 'an agent may bring suit in his own name whenever it appears that he assumed the position of owner of the goods in transacting the affair."

An analogous fact situation is found in *Foley v. Schmidt,* 115 Kan. 621, 224 Pac. 489 (1924). A corporation which was indebted to the plaintiff Foley agreed to turn over a certain lease to him so that he could sell the lease and use the proceeds to reduce the debt. Foley entered into a sales contract with defendant Schmidt who subsequently attempted to repudiate the agreement. It was held that Foley could properly maintain an action in his own name to enforce the agreement. 115 Kan. at 624-25. See also *Barb-Wire Co. v. Purcell,* 48 Kan. 267, 29 Pac. 160 (1892). If plaintiff had authority to sell he was just like any other person who sells goods which have been consigned to him.

On appeal plaintiff urges the applicability of K.S.A. 84-2-403(3), dealing with the right of a "merchant" to deal with goods entrusted to him and to give good title. The record does not indicate that plaintiff ever claimed in the trial court to be an oil pump "merchant," and there is no evidence which would support a finding that he was one. Hence, even if the argument were available on appeal we would conclude that the section was not shown to be applicable.

The judgment is reversed and the case is remanded for a determination of whether plaintiff was authorized to sell the pump, and for the entry of a new judgment based on that finding.